UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALEKSEY MURAVYEV,

        Petitioner,

v.

DAREN K. MARGOLIN et al.,

        Respondents.
_____/

Case No. 1:26-cv-242

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correctional Facility in Battle Creek, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.    Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an Order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.12.)

In an Order entered on January 29, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 5.) Respondents filed their response on February 3, 2026, (ECF No. 6.), and Petitioner filed his reply on February 9, 2026, (ECF No. 7).

## II.     Relevant Factual Background

Petitioner is a citizen of Ukraine who "entered the United States with a visa [o]n February 27, 1999." (Pet., ECF No. 1, PageID.4.) On October 16, 2025, ICE encountered Petitioner at a home improvement store during "Operation Midway Blitz" in Chicago, Illinois, and ICE took Petitioner into custody at that time. (*Id.*, PageID.4–5.) Thereafter, Petitioner was served with a Form I-862, Notice to Appear, which initiated removal proceedings. (*Id.*, PageID.5; NTA, ECF No. 6-1, PageID.100.)

Petitioner requested a bond hearing, and a hearing pursuant to § 1226(a) was held on December 3, 2025, in the Detroit Immigration Court. (Pet., ECF No. 1, PageID.5; Order Immigration Judge, ECF No. 1-4.) At the hearing, the Immigration Judge denied Petitioner's request for bond "because [Petitioner] failed to show he was not a flight risk." (*Id.*) Following this hearing, Petitioner filed an application for asylum, and Petitioner submitted a new motion for bond based on the "material change in circumstances" due to his filing an asylum application. (Pet., ECF No. 1, PageID.5.) The Detroit Immigration Court denied this request. (*Id.*)

## III.    Discussion

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch et al.*, No. 1:25-cv-1704 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with an individualized bond hearing, within five business days, before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:     February 17, 2026                     /s/ Jane M. Beckering
                                                 Jane M. Beckering
                                                 United States District Judge