UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ALEKSEY MURAVYEV,

               Petitioner,              Case No. 1:26-cv-242

v.                                     Honorable Jane M. Beckering

DAREN K. MARGOLIN et al.,

               Respondents.

_____/

## **ORDER**

This is a habeas corpus action brought by counsel on behalf of an individual detained by the United States Immigration and Customs Enforcement detained at the Calhoun County Correctional Facility in Battle Creek, Michigan. In an Opinion and Judgment entered on February 17, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering "Respondents to provide Petitioner with an individualized bond hearing, within five business days, before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, or, in the alternative, immediately release Petitioner from custody." (Op. & J., ECF Nos. 9, 10.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment.. (Op. & J., ECF Nos. 9, 10.) On February 25, 2026, Respondents filed a status report, indicating that a bond hearing had been held, and that Petitioner had been denied bond. (Status Report, ECF No. 11; Bond Order, ECF No. 11-1.)

Thereafter, on March 2, 2026, Petitioner filed a motion to enforce judgment in this closed action. (ECF No. 12.) In the motion to enforce judgment, Petitioner argues that although at the bond hearing, "the burden was placed on the Department of Homeland of Security, pursuant to th[is Court's prior] Judgment, to establish by clear and convincing evidence that Petitioner is a danger or a flight risk," the Immigration Judge improperly denied Petitioner's request for a bond. (*See id.*, PageID.125.) In light of this, Petitioner asks this Court to order his immediate release from custody. (*Id.*, PageID.133.) Respondents filed a response in opposition to the motion on March 3, 2026. (ECF No. 13.)

In the motion to enforce judgment, Petitioner seeks to challenge the determinations made at the February 25, 2026, bond hearing in the Detroit Immigration Court. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's February 17, 2026, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court where "the burden was placed on the Department of Homeland of Security, pursuant to th[is Court's prior] Judgment." (Mot., ECF No. 12, PageID.125.) Petitioner's challenge to the determinations made at the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's February 17, 2026, Opinion and Judgment. Therefore, Petitioner's motion to enforce judgment (ECF No. 12) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated:      March 23, 2026                          /s/ Jane M. Beckering
                                                    Jane M. Beckering
                                                    United States District Judge

2